UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
A-TO-BE USA LLC,                                                    Civil Action No.

                Plaintiff,                                      **COMPLAINT**

    -v-

DELOITTE CONSULTING, LLP,

                Defendant,
------------------------------------------------------------------X

Plaintiff A-to-Be USA LLC ("A-to-Be" or "Plaintiff"), by its attorneys Duane Morris LLP, as and for its Complaint against Defendant Deloitte Consulting, LLP ("Deloitte" or "Defendant"), respectfully alleges as follows:

**JURISDICTION, VENUE, AND THE PARTIES**

1. This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different U.S. states. Federal jurisdiction therefore exists under 28 U.S.C. § 1332.

2. At all times hereinafter relevant, Plaintiff A-to-Be was and is an Illinois limited liability company, with offices located at 1062 N. Garfield Street, Lombard, IL 60148.

3. Upon information and belief, at all times hereinafter mentioned, Defendant Deloitte was and is a Delaware limited liability partnership authorized to do business in the State of New York, with an address located at 901 E. Byrd Street, Richmond, VA 23129.

4. As set forth more fully herein, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Jurisdiction and venue are proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because, among other things, the Parties explicitly agreed in their contract that any action arising out of or relating thereto "shall be brought and maintained exclusively in any

state or federal court, in each case located in New York County, the State of New York," to be "governed by and construed in accordance with, the laws of the State of New York, without giving effect to the choice of law principles thereof," and the Parties further waived any objections to inconvenient forum.

## BACKGROUND

6. Upon information and belief, Deloitte entered into an agreement (the "Prime Contract") with an effective date of February 7, 2024 with San Diego Association of Governments ("SANDAG") pursuant to which Deloitte agreed to perform certain work related to the project known and described as the "Tolling Back Office and Customer Services Project" (the "Project").

7. On or about May 28, 2024, Deloitte, in turn, entered into a subcontract agreement with Plaintiff A-to-Be to perform certain work related to the Project (together with all Amendments thereto, hereinafter the "Subcontract") for consideration set forth therein. Plaintiff A-to-Be refers to the Subcontract here with the same force and effect as if fully set forth at length and incorporates the Subcontract and its terms by reference.

8. The Subcontract provided at Paragraph "7(e)", among other things, that "[u]pon any termination of this Agreement, Deloitte . . . shall compensate Subcontractor [A-to-Be] in accordance with the terms of this Agreement for the value of Subcontractor's work which has been effectively performed prior to termination as reflected in correct invoices submitted by Subcontractor, plus reasonable direct close-out costs that are agreed upon in writing by the parties."

9. A-to-Be thereafter entered into performance of its obligations under the Subcontract.

10. By letter dated November 26, 2025, Deloitte advised A-to-Be that the Project and the Prime Contract had been terminated by SANDAG for convenience pursuant to a letter dated

2

November 24, 2025, from SANDAG (the "Prime Contract Termination"), and that therefore Deloitte was terminating the Subcontract pursuant to the terms thereof (the "Subcontract Termination").

11. The Prime Contract Termination stated in part that Deloitte and SANDAG "have agreed, the monies paid pursuant to the [Prime] Contract to date constitute full and complete satisfaction of all payment obligations under the [Prime] Contract and no further payments will be made."

12. At no time prior to agreeing in the Prime Contract Termination that no further payment was due Deloitte under the Prime Contract did Deloitte advise A-to-Be that it was negotiating a termination with SANDAG, ask A-to-Be to participate in the negotiations, or ask A-to-Be whether it had any claims or was due any money.

13. As of the date of the Subcontract Termination, A-to-Be had performed all of its obligations pursuant to the terms of the Subcontract except as frustrated, prevented, or excused by the Subcontract Termination and/or the breaches and non-performance by Deloitte of its obligations under the Subcontract.

14. As of the date of the Subcontract Termination, certain amounts were due and owing or otherwise unpaid to A-to-Be for Subcontract work effectively performed prior thereto.

15. A-to-Be incurred certain direct close-out costs as a result of the Subcontract Termination.

16. By letter dated December 5, 2025, A-to-Be presented Deloitte with an itemized demand for amounts due A-to-Be for (i) Subcontract work effective performed prior to the Subcontract Termination and (ii) direct close-out costs incurred by A-to-Be as a result of the Subcontract Termination ("Demand Letter").

17. To date, Deloitte has failed and refused to pay any part of the reasonable amounts stated in the Demand Letter.

18. A-to-Be has complied with all conditions precedent to commencing this action, if any, except as frustrated, prevented, or excused by the Subcontract Termination and/or the breaches and non-performance by Deloitte of its obligations under the Subcontract.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT (TERMINATION COSTS)**

19. Plaintiff A-to-Be repeats and realleges the allegations set forth in paragraphs "1" through "18" above with the same force and effect as if fully set forth at length and incorporates the same by reference.

20. Deloitte breached its obligations under the Subcontract by, among other things, failing and refusing to pay to A-to-Be amounts due A-to-Be under Paragraph "7(e)" of the Subcontract as a result of the Subcontract Termination, to wit, amounts due for Subcontract work effectively performed plus reasonable direct close-out costs, as set forth in the Demand Letter, despite due demand therefor.

21. As a result, Deloitte is liable to Plaintiff A-to-Be for the amounts set forth in the Demand Letter and specifically Three Million Four Hundred Five Thousand Three Hundred Eighty-Seven Dollars ($3,405,387.00), no part of which has been paid despite A-to-Be's due demand.

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT (ADDITIONAL COSTS)**

22. Plaintiff A-to-Be repeats and realleges the allegations set forth in paragraphs "1" through "21" above with the same force and effect as if fully set forth at length and incorporates the same by reference.

23. Deloitte breached its obligations under the Subcontract by, among other things, and as set forth in the Demand Letter, unreasonably delaying Deloitte's data migration to the portion

of the Project and otherwise delaying, disrupting, and interfering with Plaintiff's performance of its work thereunder, causing Plaintiff to perform its work in an unanticipated, uncontemplated, and unreasonably inefficient manner.

24. Deloitte's delays, disruptions, and interferences were (i) beyond the contemplation of the parties when they entered into the Subcontract, (ii) breaches of a fundamental obligation under the Subcontract, (iii) so unreasonable that they amounted to an abandonment of the Subcontract, and/or (iv) due to bad faith, fraud, or willful and/or grossly negligent conduct.

25. As a direct result thereof, Plaintiff A-to-Be incurred additional unanticipated and uncontemplated costs in an amount to be proved at trial but believed to be not less than One Million Dollars ($1,000,000.00), no part of which has been paid.

**WHEREFORE**, Plaintiff A-to-Be USA LLC demands judgment against Defendant Deloitte Consulting LLP:

1. On its First Cause of Action, in the amount of $3,405,387.00, together with interest thereon;

2. On its Second Cause of Action, in an amount to be proved at trial but believed to be not less than $1,000,000.00, together with interest thereon; and

3. Costs, disbursements, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 27, 2026

**DUANE MORRIS LLP**
Attorneys for Plaintiff A-to-Be USA LLC

By:  /s/ *John S. Wojak, Jr.*
John S. Wojak, Jr., Esq.
335 Madison Avenue, 23rd Floor
New York, NY 10017
(212) 692-1000